[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY, PENDENTE LITE (#112)
The matter comes before this court by way of plaintiff's motion to CT Page 13388 modify the previous order of this court (Harrigan, J.) entered on November 14, 2000. In brief, the court ordered the plaintiff to pay the sum of $400.00 per week to the defendant pendente lite, $181.00 for alimony and $219.00 for the support of the two minor children who live with the defendant. At the time of the hearing, the court specifically found that the plaintiff had an earning capacity of $900.00 per week "forthe next three months." The evidence produced at that hearing disclosed that the plaintiff's primary employment is with a pool service, and that while he actually works approximately nine months of the year at that job, he is actually compensated over the full year, netting $668.00 per week. During the furlough period he is employed at a florist for which he is compensated about $300.00 to $350.00 per week. At a hearing in May of this year, the evidence presented to the court showed no significant change in this pattern of employment or compensation. The plaintiff seeks relief from the alimony portion of the previous order, claiming a change of circumstances as of March 1, 2001, at which time it was anticipated that his sole source of income would be from his job at the pool service, and hence would be reduced to $668.00 per week. He asks the court to enter its order retroactively to March 1, 2001.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That there has been a substantial change of circumstances since the date of the last order, to wit: that the plaintiff's net weekly income is substantially lower than at the time of the previous order; and that it is equitable and appropriate for the court to modify the previous order.
 2. That the previous finding of the court regarding the plaintiff's earning capacity was based upon a three-month period commencing December 1, 2000.
 3. That the plaintiff's earning capacity for the period March 1, 2001 through and including November 30, 2001, is $600.00 to $650.00 per week net.
 4. That the presumptive basic child support for that CT Page 13389 period is $284.00 per week; and that the plaintiff's share is $194.00 taking into consideration his additional payments for health insurance for the minor children.
 5. That the plaintiff has not asked for a modification of his current child support obligation; however, it is equitable and appropriate for the court to consider this obligation in its determination of its award of alimony, if any.
 6. That unless the plaintiff's employment pattern changes in the near term, in the interest of judicial economy, that further pendente lite alimony orders regarding alimony take into account the seasonal fluctuations in the plaintiff's income.
 ORDER
IT IS HEREBY ORDERED THAT the plaintiff's Motion for Modification of Alimony, pendente lite, is HEREBY GRANTED. Commencing October 1, 2001, until further order of court, for the months of October and November, the plaintiff shall pay to the defendant the sum of $106.00 as and for alimony pendente lite; thereafter, during the months of December, January, and February, the plaintiff shall pay to the defendant the sum of $181.00 per week as and for alimony pendente lite; and thereafter, for the months of March, April, May, June, July, August, and September, the plaintiff shall pay to the defendant the sum of $106.00 per week as and for alimony pendente lite. All other prior orders shall remain in full force and effect.
THE COURT
SHAY, J.